J-S21040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
v.                          :
:
:
DAVID HUERTAS                     :
:
Appellant              :    No. 2641 EDA 2024

Appeal from the PCRA Order Entered September 25, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001251-2015

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 1, 2025**

David Huertas appeals *pro se* from the order dismissing, as untimely, his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Huertas contends, *inter alia*, that he properly surmounted the PCRA's jurisdictional time-bar by invoking the "governmental interference" and "newly discovered facts" exceptions through his inclusion of recent news reports involving Dr. Debra Esernio-Jenssen, an expert witness who testified on behalf of the Commonwealth at his 2015 trial. **See id.** § 9545(b)(1)(i-ii). We affirm.

Huertas was charged with various offenses stemming from his repeated sexual assaults that were perpetrated on his minor stepdaughters, L.M. and

---

[*] Retired Senior Judge assigned to the Superior Court.

N.D. As cogently summarized by this Court in affirming the denial of his second PCRA petition,

> On December 3, 2015, a jury convicted Huertas of rape of a child, two counts of involuntary deviate sexual intercourse with a person less than 16 years of age, involuntary deviate sexual intercourse with a child, aggravated indecent assault of person less than 16 years of age, two counts of corruption of minors, and indecent assault of a person less than 16 years of age.

*Commonwealth v. Huertas*, 2023 WL 6891407 at * 1 (Pa. Super., filed Oct. 19, 2023) (633 EDA 2023) (unpublished memorandum) (footnote omitted). The court correspondingly sentenced him to an aggregate sixty to 140 years of imprisonment. We affirmed his judgment of sentence on September 19, 2017, and Huertas sought no further review of our decision, rendering his judgment of sentence final "on October 19, 2017, when the 30-day period for seeking such review expired." *Id.*, citing 42 Pa.C.S. § 9545(b)(3).

In addition to the submission underpinning the present matter, Huertas filed two previous PCRA petitions, both of which were dismissed. We subsequently affirmed these determinations. *See Commonwealth v. Huertas*, 307 A.3d 671 (Pa. Super. 2023) (table) (633 EDA 2023); *Commonwealth v. Huertas*, 226 A.3d 652 (Pa. Super. 2020) (table) (605 EDA 2019), *allocatur denied*, 237 A.3d 411 (Pa. 2020) (table) (75 MAL 2020).

On appeal, Huertas avers that he satisfied an exception to the PCRA's

time-bar through his presentment of news articles[1] that allegedly cast doubt on the veracity of Dr. Esernio-Jenssen's testimony provided at his trial. He raises this averment through the lens of both "governmental interference" and "newly discovered facts."[2] Substantively, Huertas claims that the Commonwealth was cognizant of Dr. Esernio- Jenssen's apparent defects, but never disclosed to him the same, entitling him to relief under **Brady v. Maryland**, 373 U.S. 83 (1962).

As with all appeals stemming from the denial of PCRA relief, our standard of review is limited to "whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.**

Prior to substantive review of Huertas's **Brady** claim, we must consider the timeliness of his petition because "if a PCRA petition is untimely, a trial

---

[1] Huertas's petition also contains two federal cases, one at the district court level and one in the court of appeals, involving Dr. Esernio-Jenssen as a named defendant, both of which were decided well before his trial. **See** Third PCRA Petition, 4/2/24, at Exhibits D-E.

[2] Huertas's brief does not clearly delineate between these two exceptions to the PCRA's time-bar. **See, e.g.**, Appellant's Brief, at 9, 15 (referring to the news reports as newly discovered facts, but then later arguing that the government interfered with the presentation of a claim at his trial via nondisclosure). Nevertheless, his petition clearly includes both assertions. **See** Third PCRA Petition, 4/2/24, at 3-4.

court has no jurisdiction to entertain the petition." **Commonwealth v. Hutchins**, 760 A.2d 50, 53 (Pa. Super. 2000). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1).

As determined by this Court in denying his second PCRA petition, "Huertas'[s] sentence became final [on] October 18, 2017, when the 30-day period for seeking review in the Pennsylvania Supreme Court expired." **Huertas**, 2023 WL 6891407 at *3, citing 42 Pa.C.S. § 9545(b)(3). As such, the filing of his instant third petition on April 2, 2024, is facially untimely. Accordingly, Huertas must plead and prove the applicability of one of three statutory exceptions that are found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, pursuant to 42 Pa.C.S. § 9545(b)(2), he needed to plead and prove that he filed the petition "within one year of the date the claim could have been presented." **Id.**

Huertas purports to invoke the "governmental interference" and "newly discovered facts" exceptions to the PCRA's time-bar. The governmental interference exception requires the petitioner to allege and prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(i). The newly discovered facts

exception requires the petitioner to allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" *Id.* 9545(b)(ii).

Huertas unequivocally states that "[t]he facts upon which [his *Brady* claim is] based stem from the August 25, 2023[] news report relating to Commonwealth expert witness, Dr. Debra Esernio-Jenssen." Appellant's Brief, at 9. The information in the report became known to him that same month because his cousin was "watching the daily news online. The news reported that the Lehigh County Controller found systemic overdiagnosis of medical child abuse cases." *Id.* Relying on that and additional news reports appended to his PCRA petition, Huertas impugns Dr. Esernio-Jenssen and her "pattern of malpractice" by highlighting her "instances of falsifying reports, deliberate misdiagnosis of injuries[,] and falsifying documents and/or testimony." *Id.* at 15.

Adopting the logic applied in another case of this Court:

> In *Commonwealth v. Brown*, 141 A.3d 491, 502 (Pa. Super. 2016), we explained that newspaper articles are insufficient to establish a newly-discovered fact exception:
>
>> Our Supreme Court addressed a situation like the one in the case *sub judice* in *Commonwealth v. Castro*, [] 93 A.3d 818 ([Pa.] 2014). In *Castro*, the petitioner relied upon a newspaper article to establish the newly-discovered fact exception to the PCRA's timeliness requirement. Our Supreme Court held that a newspaper "**article contain[ed] allegations that suggest such evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation**." *Id.* at 825.

In ... **Castro** ... [our Supreme Court held that] the newspaper article [merely] referenced [what] could be evidence. **See id.** at 827. Thus, there [wa]s no fact within the [article], only information which could lead Appellant to discover facts.

**Brown**, **supra** at 502 (emphasis added); citing **Castro**, **supra** (reversing grant of a hearing based on after-discovered evidence because a newspaper article, submitted as the sole support for a new trial, "do[es] not constitute evidence").

In this case, newspaper articles referencing misconduct by Detectives Jastrzembski and Santiago in matters unrelated to Appellant do not constitute newly-discovered facts. Appellant cites no new information in **his** case. Our Supreme Court has held that the focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Johnson**, [] 863 A.2d 423, 427 ([Pa.] 2004) (emphasis omitted).

**Commonwealth v. Reeves**, 296 A.3d 1228, 1232-1233 (Pa. Super. 2023) (parallel citations omitted) (some brackets and emphasis in original).

Distilled down, Huertas's "newly discovered fact" is that Dr. Esernio-Jenssen has engaged in a pattern or practice of misdiagnosing child abuse.[3] Applying **Reeves** to the present matter, Huertas's exclusive reliance on news articles to establish this newly discovered fact is not enough to pass muster

---

[3] As best as can be discerned, the relied-upon news articles primarily deal with physical, rather than sexual, child abuse. **See** Third PCRA Petition, 4/2/24, at Exhibit C (discussing, *inter alia*, Dr. Esernio-Jenssen having diagnosed an infant with shaken baby syndrome, as described in court records from a 2009 case). While the two types of abuses may not be wholly mutually exclusive, there is no indicia in any of the articles of sexual activity, and misdiagnoses predicated thereon, between adults and children.

under the PCRA.[4] As a further level of infirmity in his attempt to overcome the PCRA's time-bar, Huertas has shown *absolutely no nexus* between any of the news reports and the facts of his own case. Moreover, to the extent that Huertas's attempts to utilize the governmental interference exception, he utterly fails to explain how governmental officials acted in a way that affected his ability to raise a claim in earlier proceedings.

We finally note that, although we do not reach substantive review of his claim, given, *inter alia*, that the relied-upon articles were written well after his trial, it is unclear, for **Brady** purposes, what the actual "evidence" was that was allegedly withheld or suppressed by the prosecution or how such evidence would have been exculpatory. **See Commonwealth v. Williams**, 732 A.2d 1167, 1176 (Pa. 1999) (citation omitted) (reinforcing the notion that, under **Brady**, it is a petitioner's burden to prove the existence of evidence that was withheld or suppressed by the prosecution). Simply put, nothing Huertas has submitted is self-proving or demonstrative of anything relevant to his case.

With Huertas having failed to overcome the PCRA's time-bar via any of its exceptions, we affirm the order dismissing his serial petition as untimely.

Order affirmed.

_____

[4] To the extent that Huertas argues that the two federal cases provide support for this *newly* discovered fact, both were decided well in advance of his own trial. Although he was necessarily cognizant that Dr. Esernio-Jenssen would be providing testimony at his trial, he has provided no excuse as to how these cases could not have been uncovered at or around that juncture.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 8/1/2025

J-S21040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID HUERTAS | : | |
| | : | |
| Appellant | : | No. 2641 EDA 2024 |

Appeal from the PCRA Order Entered September 25, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001251-2015

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 1, 2025**

David Huertas appeals *pro se* from the order dismissing, as untimely, his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Huertas contends, *inter alia*, that he properly surmounted the PCRA's jurisdictional time-bar by invoking the "governmental interference" and "newly discovered facts" exceptions through his inclusion of recent news reports involving Dr. Debra Esernio-Jenssen, an expert witness who testified on behalf of the Commonwealth at his 2015 trial. ***See id.*** § 9545(b)(1)(i-ii). We affirm.

Huertas was charged with various offenses stemming from his repeated sexual assaults that were perpetrated on his minor stepdaughters, L.M. and

_____

* Retired Senior Judge assigned to the Superior Court.

N.D. As cogently summarized by this Court in affirming the denial of his second

PCRA petition,

> On December 3, 2015, a jury convicted Huertas of rape of a child, two counts of involuntary deviate sexual intercourse with a person less than 16 years of age, involuntary deviate sexual intercourse with a child, aggravated indecent assault of person less than 16 years of age, two counts of corruption of minors, and indecent assault of a person less than 16 years of age.

***Commonwealth v. Huertas***, 2023 WL 6891407 at * 1 (Pa. Super., filed Oct.

19, 2023) (633 EDA 2023) (unpublished memorandum) (footnote omitted).

The court correspondingly sentenced him to an aggregate sixty to 140 years

of imprisonment. We affirmed his judgment of sentence on September 19,

2017, and Huertas sought no further review of our decision, rendering his

judgment of sentence final "on October 19, 2017, when the 30-day period for

seeking such review expired." ***Id.***, citing 42 Pa.C.S. § 9545(b)(3).

In addition to the submission underpinning the present matter, Huertas

filed two previous PCRA petitions, both of which were dismissed. We

subsequently affirmed these determinations. ***See Commonwealth v.***

***Huertas***, 307 A.3d 671 (Pa. Super. 2023) (table) (633 EDA 2023);

***Commonwealth v. Huertas***, 226 A.3d 652 (Pa. Super. 2020) (table) (605

EDA 2019), ***allocatur denied***, 237 A.3d 411 (Pa. 2020) (table) (75 MAL

2020).

On appeal, Huertas avers that he satisfied an exception to the PCRA's

time-bar through his presentment of news articles[1] that allegedly cast doubt on the veracity of Dr. Esernio-Jenssen's testimony provided at his trial. He raises this averment through the lens of both "governmental interference" and "newly discovered facts."[2] Substantively, Huertas claims that the Commonwealth was cognizant of Dr. Esernio- Jenssen's apparent defects, but never disclosed to him the same, entitling him to relief under **Brady v. Maryland**, 373 U.S. 83 (1962).

As with all appeals stemming from the denial of PCRA relief, our standard of review is limited to "whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.**

Prior to substantive review of Huertas's **Brady** claim, we must consider the timeliness of his petition because "if a PCRA petition is untimely, a trial

---

[1] Huertas's petition also contains two federal cases, one at the district court level and one in the court of appeals, involving Dr. Esernio-Jenssen as a named defendant, both of which were decided well before his trial. **See** Third PCRA Petition, 4/2/24, at Exhibits D-E.

[2] Huertas's brief does not clearly delineate between these two exceptions to the PCRA's time-bar. **See, e.g.**, Appellant's Brief, at 9, 15 (referring to the news reports as newly discovered facts, but then later arguing that the government interfered with the presentation of a claim at his trial via nondisclosure). Nevertheless, his petition clearly includes both assertions. **See** Third PCRA Petition, 4/2/24, at 3-4.

court has no jurisdiction to entertain the petition." ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1).

As determined by this Court in denying his second PCRA petition, "Huertas'[s] sentence became final [on] October 18, 2017, when the 30-day period for seeking review in the Pennsylvania Supreme Court expired." ***Huertas***, 2023 WL 6891407 at *3, citing 42 Pa.C.S. § 9545(b)(3). As such, the filing of his instant third petition on April 2, 2024, is facially untimely. Accordingly, Huertas must plead and prove the applicability of one of three statutory exceptions that are found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, pursuant to 42 Pa.C.S. § 9545(b)(2), he needed to plead and prove that he filed the petition "within one year of the date the claim could have been presented." ***Id.***

Huertas purports to invoke the "governmental interference" and "newly discovered facts" exceptions to the PCRA's time-bar. The governmental interference exception requires the petitioner to allege and prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(i). The newly discovered facts

exception requires the petitioner to allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" *Id.* 9545(b)(ii).

Huertas unequivocally states that "[t]he facts upon which [his *Brady* claim is] based stem from the August 25, 2023[] news report relating to Commonwealth expert witness, Dr. Debra Esernio-Jenssen." Appellant's Brief, at 9. The information in the report became known to him that same month because his cousin was "watching the daily news online. The news reported that the Lehigh County Controller found systemic overdiagnosis of medical child abuse cases." *Id.* Relying on that and additional news reports appended to his PCRA petition, Huertas impugns Dr. Esernio-Jenssen and her "pattern of malpractice" by highlighting her "instances of falsifying reports, deliberate misdiagnosis of injuries[,] and falsifying documents and/or testimony." *Id.* at 15.

Adopting the logic applied in another case of this Court:

In *Commonwealth v. Brown*, 141 A.3d 491, 502 (Pa. Super. 2016), we explained that newspaper articles are insufficient to establish a newly-discovered fact exception:

Our Supreme Court addressed a situation like the one in the case *sub judice* in *Commonwealth v. Castro*, [] 93 A.3d 818 ([Pa.] 2014). In *Castro*, the petitioner relied upon a newspaper article to establish the newly-discovered fact exception to the PCRA's timeliness requirement. Our Supreme Court held that a newspaper "**article contain**[**ed**] **allegations that suggest such evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation**." *Id.* at 825.

> In ... **Castro** ... [our Supreme Court held that] the newspaper article [merely] referenced [what] could be evidence. **See id.** at 827. Thus, there [wa]s no fact within the [article], only information which could lead Appellant to discover facts.
>
> **Brown**, **supra** at 502 (emphasis added); citing **Castro**, **supra** (reversing grant of a hearing based on after-discovered evidence because a newspaper article, submitted as the sole support for a new trial, "do[es] not constitute evidence").
>
> In this case, newspaper articles referencing misconduct by Detectives Jastrzembski and Santiago in matters unrelated to Appellant do not constitute newly-discovered facts. Appellant cites no new information in **his** case. Our Supreme Court has held that the focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Johnson**, [] 863 A.2d 423, 427 ([Pa.] 2004) (emphasis omitted).

**Commonwealth v. Reeves**, 296 A.3d 1228, 1232-1233 (Pa. Super. 2023) (parallel citations omitted) (some brackets and emphasis in original).

Distilled down, Huertas's "newly discovered fact" is that Dr. Esernio-Jenssen has engaged in a pattern or practice of misdiagnosing child abuse.[3] Applying **Reeves** to the present matter, Huertas's exclusive reliance on news articles to establish this newly discovered fact is not enough to pass muster

---

[3] As best as can be discerned, the relied-upon news articles primarily deal with physical, rather than sexual, child abuse. **See** Third PCRA Petition, 4/2/24, at Exhibit C (discussing, *inter alia*, Dr. Esernio-Jenssen having diagnosed an infant with shaken baby syndrome, as described in court records from a 2009 case). While the two types of abuses may not be wholly mutually exclusive, there is no indicia in any of the articles of sexual activity, and misdiagnoses predicated thereon, between adults and children.

under the PCRA.[4] As a further level of infirmity in his attempt to overcome the PCRA's time-bar, Huertas has shown *absolutely no nexus* between any of the news reports and the facts of his own case. Moreover, to the extent that Huertas's attempts to utilize the governmental interference exception, he utterly fails to explain how governmental officials acted in a way that affected his ability to raise a claim in earlier proceedings.

We finally note that, although we do not reach substantive review of his claim, given, *inter alia*, that the relied-upon articles were written well after his trial, it is unclear, for **Brady** purposes, what the actual "evidence" was that was allegedly withheld or suppressed by the prosecution or how such evidence would have been exculpatory. **See Commonwealth v. Williams**, 732 A.2d 1167, 1176 (Pa. 1999) (citation omitted) (reinforcing the notion that, under **Brady**, it is a petitioner's burden to prove the existence of evidence that was withheld or suppressed by the prosecution). Simply put, nothing Huertas has submitted is self-proving or demonstrative of anything relevant to his case.

With Huertas having failed to overcome the PCRA's time-bar via any of its exceptions, we affirm the order dismissing his serial petition as untimely.

Order affirmed.

_____

[4] To the extent that Huertas argues that the two federal cases provide support for this *newly* discovered fact, both were decided well in advance of his own trial. Although he was necessarily cognizant that Dr. Esernio-Jenssen would be providing testimony at his trial, he has provided no excuse as to how these cases could not have been uncovered at or around that juncture.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/1/2025

J-S21040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID HUERTAS | : | |
| | : | |
| Appellant | : | No. 2641 EDA 2024 |

Appeal from the PCRA Order Entered September 25, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001251-2015

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 1, 2025**

David Huertas appeals *pro se* from the order dismissing, as untimely, his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Huertas contends, *inter alia*, that he properly surmounted the PCRA's jurisdictional time-bar by invoking the "governmental interference" and "newly discovered facts" exceptions through his inclusion of recent news reports involving Dr. Debra Esernio-Jenssen, an expert witness who testified on behalf of the Commonwealth at his 2015 trial. ***See id.*** § 9545(b)(1)(i-ii). We affirm.

Huertas was charged with various offenses stemming from his repeated sexual assaults that were perpetrated on his minor stepdaughters, L.M. and

_____

* Retired Senior Judge assigned to the Superior Court.

N.D. As cogently summarized by this Court in affirming the denial of his second PCRA petition,

> On December 3, 2015, a jury convicted Huertas of rape of a child, two counts of involuntary deviate sexual intercourse with a person less than 16 years of age, involuntary deviate sexual intercourse with a child, aggravated indecent assault of person less than 16 years of age, two counts of corruption of minors, and indecent assault of a person less than 16 years of age.

*Commonwealth v. Huertas*, 2023 WL 6891407 at * 1 (Pa. Super., filed Oct. 19, 2023) (633 EDA 2023) (unpublished memorandum) (footnote omitted). The court correspondingly sentenced him to an aggregate sixty to 140 years of imprisonment. We affirmed his judgment of sentence on September 19, 2017, and Huertas sought no further review of our decision, rendering his judgment of sentence final "on October 19, 2017, when the 30-day period for seeking such review expired." *Id.*, citing 42 Pa.C.S. § 9545(b)(3).

In addition to the submission underpinning the present matter, Huertas filed two previous PCRA petitions, both of which were dismissed. We subsequently affirmed these determinations. *See Commonwealth v. Huertas*, 307 A.3d 671 (Pa. Super. 2023) (table) (633 EDA 2023); *Commonwealth v. Huertas*, 226 A.3d 652 (Pa. Super. 2020) (table) (605 EDA 2019), *allocatur denied*, 237 A.3d 411 (Pa. 2020) (table) (75 MAL 2020).

On appeal, Huertas avers that he satisfied an exception to the PCRA's

- 2 -

time-bar through his presentment of news articles[1] that allegedly cast doubt on the veracity of Dr. Esernio-Jenssen's testimony provided at his trial. He raises this averment through the lens of both "governmental interference" and "newly discovered facts."[2] Substantively, Huertas claims that the Commonwealth was cognizant of Dr. Esernio- Jenssen's apparent defects, but never disclosed to him the same, entitling him to relief under ***Brady v. Maryland***, 373 U.S. 83 (1962).

As with all appeals stemming from the denial of PCRA relief, our standard of review is limited to "whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.***

Prior to substantive review of Huertas's ***Brady*** claim, we must consider the timeliness of his petition because "if a PCRA petition is untimely, a trial

---

[1] Huertas's petition also contains two federal cases, one at the district court level and one in the court of appeals, involving Dr. Esernio-Jenssen as a named defendant, both of which were decided well before his trial. ***See*** Third PCRA Petition, 4/2/24, at Exhibits D-E.

[2] Huertas's brief does not clearly delineate between these two exceptions to the PCRA's time-bar. ***See, e.g.***, Appellant's Brief, at 9, 15 (referring to the news reports as newly discovered facts, but then later arguing that the government interfered with the presentation of a claim at his trial via nondisclosure). Nevertheless, his petition clearly includes both assertions. ***See*** Third PCRA Petition, 4/2/24, at 3-4.

court has no jurisdiction to entertain the petition." **Commonwealth v. Hutchins**, 760 A.2d 50, 53 (Pa. Super. 2000). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1).

As determined by this Court in denying his second PCRA petition, "Huertas'[s] sentence became final [on] October 18, 2017, when the 30-day period for seeking review in the Pennsylvania Supreme Court expired." **Huertas**, 2023 WL 6891407 at *3, citing 42 Pa.C.S. § 9545(b)(3). As such, the filing of his instant third petition on April 2, 2024, is facially untimely. Accordingly, Huertas must plead and prove the applicability of one of three statutory exceptions that are found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, pursuant to 42 Pa.C.S. § 9545(b)(2), he needed to plead and prove that he filed the petition "within one year of the date the claim could have been presented." **Id.**

Huertas purports to invoke the "governmental interference" and "newly discovered facts" exceptions to the PCRA's time-bar. The governmental interference exception requires the petitioner to allege and prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(i). The newly discovered facts

exception requires the petitioner to allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" ***Id.*** 9545(b)(ii).

Huertas unequivocally states that "[t]he facts upon which [his ***Brady*** claim is] based stem from the August 25, 2023[] news report relating to Commonwealth expert witness, Dr. Debra Esernio-Jenssen." Appellant's Brief, at 9. The information in the report became known to him that same month because his cousin was "watching the daily news online. The news reported that the Lehigh County Controller found systemic overdiagnosis of medical child abuse cases." ***Id.*** Relying on that and additional news reports appended to his PCRA petition, Huertas impugns Dr. Esernio-Jenssen and her "pattern of malpractice" by highlighting her "instances of falsifying reports, deliberate misdiagnosis of injuries[,] and falsifying documents and/or testimony." ***Id.*** at 15.

Adopting the logic applied in another case of this Court:

In ***Commonwealth v. Brown***, 141 A.3d 491, 502 (Pa. Super. 2016), we explained that newspaper articles are insufficient to establish a newly-discovered fact exception:

Our Supreme Court addressed a situation like the one in the case *sub judice* in ***Commonwealth v. Castro***, [] 93 A.3d 818 ([Pa.] 2014). In ***Castro***, the petitioner relied upon a newspaper article to establish the newly-discovered fact exception to the PCRA's timeliness requirement. Our Supreme Court held that a newspaper "**article contain**[**ed**] **allegations that suggest such evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation**." ***Id.*** at 825.

> In ... ***Castro*** ... [our Supreme Court held that] the newspaper article [merely] referenced [what] could be evidence. ***See id.*** at 827. Thus, there [wa]s no fact within the [article], only information which could lead Appellant to discover facts.
>
> ***Brown***, ***supra*** at 502 (emphasis added); citing ***Castro***, ***supra*** (reversing grant of a hearing based on after-discovered evidence because a newspaper article, submitted as the sole support for a new trial, "do[es] not constitute evidence").
>
> In this case, newspaper articles referencing misconduct by Detectives Jastrzembski and Santiago in matters unrelated to Appellant do not constitute newly-discovered facts. Appellant cites no new information in **his** case. Our Supreme Court has held that the focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Johnson***, [] 863 A.2d 423, 427 ([Pa.] 2004) (emphasis omitted).

***Commonwealth v. Reeves***, 296 A.3d 1228, 1232-1233 (Pa. Super. 2023) (parallel citations omitted) (some brackets and emphasis in original).

Distilled down, Huertas's "newly discovered fact" is that Dr. Esernio-Jenssen has engaged in a pattern or practice of misdiagnosing child abuse.[3] Applying ***Reeves*** to the present matter, Huertas's exclusive reliance on news articles to establish this newly discovered fact is not enough to pass muster

---

[3] As best as can be discerned, the relied-upon news articles primarily deal with physical, rather than sexual, child abuse. ***See*** Third PCRA Petition, 4/2/24, at Exhibit C (discussing, *inter alia*, Dr. Esernio-Jenssen having diagnosed an infant with shaken baby syndrome, as described in court records from a 2009 case). While the two types of abuses may not be wholly mutually exclusive, there is no indicia in any of the articles of sexual activity, and misdiagnoses predicated thereon, between adults and children.

under the PCRA.[4] As a further level of infirmity in his attempt to overcome the PCRA's time-bar, Huertas has shown *absolutely no nexus* between any of the news reports and the facts of his own case. Moreover, to the extent that Huertas's attempts to utilize the governmental interference exception, he utterly fails to explain how governmental officials acted in a way that affected his ability to raise a claim in earlier proceedings.

We finally note that, although we do not reach substantive review of his claim, given, *inter alia*, that the relied-upon articles were written well after his trial, it is unclear, for **Brady** purposes, what the actual "evidence" was that was allegedly withheld or suppressed by the prosecution or how such evidence would have been exculpatory. **See Commonwealth v. Williams**, 732 A.2d 1167, 1176 (Pa. 1999) (citation omitted) (reinforcing the notion that, under **Brady**, it is a petitioner's burden to prove the existence of evidence that was withheld or suppressed by the prosecution). Simply put, nothing Huertas has submitted is self-proving or demonstrative of anything relevant to his case.

With Huertas having failed to overcome the PCRA's time-bar via any of its exceptions, we affirm the order dismissing his serial petition as untimely.

Order affirmed.

_____

[4] To the extent that Huertas argues that the two federal cases provide support for this *newly* discovered fact, both were decided well in advance of his own trial. Although he was necessarily cognizant that Dr. Esernio-Jenssen would be providing testimony at his trial, he has provided no excuse as to how these cases could not have been uncovered at or around that juncture.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/1/2025